UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21576-GAYLES/OTAZO-REYES

**CHITTRANJAN (CHUCK) K. THAKKAR,**
a Florida individual,
**ROHAN THAKKAR,** a London, England,
individual,
**NILOY & ROHAN, LLC,** a Georgia Limited
Liability Corporation,
**ORLANDO GATEWAY HOSPITALITY,
LLC,** a Florida Limited Liability Company,
**ORLANDO GATEWAY HAMPTON, LLC,**
a Florida Limited Liability Company, and
**BKGD, LLC,** a Florida Limited Liability
Company,

    Plaintiffs,

v.

**M. CARSON GOOD,** a Florida individual,
**GOOD GATEWAY, LLC,** a Florida Limited
Liability Company,
**STEVEN SMITH,** a Georgia individual,
**CLAY M. TOWNSEND,** a Florida individual,
**JAMES BALLETTA,** a Florida individual,
**SEG GATEWAY, LLC,** a Florida Limited
Liability Company,
**ORLANDO GATEWAY, LLC,** a dissolved
Georgia Limited Liability Company, and
**MORGAN & MORGAN, P.A.,** a Florida
Corporation,

    Defendants.
_____/

## ORDER

    **THIS CAUSE** comes before the Court on Magistrate Judge Alicia M. Otazo-Reyes's

Report and Recommendation (the "Report") [ECF No. 62] on Defendants M. Carson Good, Good

Gateway, LLC, Steven Smith, Clay M. Townsend, James Balletta, SEG Gateway, LLC, Orlando Gateway, LLC, and Morgan & Morgan, P.A.'s (collectively, "Defendants") Joint Motion to Dismiss or, in the Alternative, Motion to Transfer Venue under 28 U.S.C.A. § 1404 (the "Joint Motion") [ECF No. 37]. This matter was referred to Judge Otazo-Reyes pursuant to 28 U.S.C. § 636(b)(1)(B) for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters. [ECF No. 36]. On June 17, 2020, Defendants filed their Joint Motion, and on August 18, 2020, a hearing was held on the Joint Motion. [ECF No. 56 & 61]. On September 1, 2020, Judge Otazo-Reyes issued her Report recommending that Defendants' Motion to Transfer Venue be granted in part, pursuant to 28 U.S.C. § 1406(a), and that this action be transferred to the United States District Court for the Middle District of Florida. [ECF No. 62 at 5]. Judge Otazo-Reyes's Report also recommends that Defendants' Motion to Dismiss for improper venue be denied and Defendants' Motion to Dismiss for failure to state a viable cause of action be denied without prejudice. *Id.* Neither party timely filed objections.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having reviewed the Report, the Court finds no clear error and agrees with Judge Otazo-Reyes's well-reasoned analysis and conclusion that: (1) Defendants' Motion to Transfer Venue be

granted in part, pursuant to 28 U.S.C. § 1406(a); (2) this action be transferred to the United States District Court for the Middle District of Florida; (3) Defendants' Motion to Dismiss for improper venue be denied; and (4) Defendants' Motion to Dismiss for failure to state a viable cause of action be denied without prejudice.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation, [ECF No. 62], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

2. Defendants M. Carson Good, Good Gateway, LLC, Steven Smith, Clay M. Townsend, James Balletta, SEG Gateway, LLC, Orlando Gateway, LLC, and Morgan & Morgan, P.A.'s Joint Motion to Dismiss or, in the alternative, Motion to Transfer Venue under 28 USCA § 1404, [ECF No. 37], is **GRANTED in part and DENIED in part**;

3. Defendants' Motion to Transfer Venue, [ECF No. 37], is **GRANTED in part,** pursuant to 28 U.S.C. § 1406(a);

4. This action shall be **TRANSFERRED** to the United States District Court for the Middle District of Florida;

5. Defendants' Motion to Dismiss for improper venue, [ECF No. 37], is **DENIED**;

6. Defendants' Motion to Dismiss for failure to state a viable cause of action, [ECF No. 47], is **DENIED without prejudice**; and

7. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of October, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE